# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAH KENT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>FAIRFIELD HY, INC. d/b/a BALISE HYUNDAI OF FAIRFIELD, a Connecticut corporation,<br><br>*Defendant*. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Sarah Kent ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Fairfield HY Inc. d/b/a Balise Hyundai of Fairfield ("Balise Hyundai" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited robocalls using a pre-recorded voice to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.    On or about May 23, 2020, Defendant caused a call with a prerecorded message to be transmitted to Plaintiff's cellular telephone number ending in 3875 (the "3875 Number").

2.    Because Plaintiff did not answer her telephone after it rang, a voicemail containing a prerecorded message was left on Plaintiff's phone.

3. The following is a transcript of the prerecorded message that was left in Plaintiff's voicemail box:



4. Plaintiff never provided consent to be called by Defendant using a pre-recorded voice.

5. The unlawful calls placed to Plaintiff are part of Defendant's pattern or practice of calling consumers on their cellular telephones using a pre-recorded voice who have no direct relationship with Defendant and who are not the proper subjects of the calls.

6. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant's campaign of unlawful conduct also includes the use of an artificial and prerecorded voice.

7. By making these automated and autodialed calls, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation

and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

8. Upon information and belief, Defendant has made and continues to make similar calls to consumers without prior authorized consent. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also repeatedly violated the TCPA.

9. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit on behalf of herself and the putative Class and seeks an injunction requiring Defendant to cease its TCPA violations, adequately ensure that they are only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

**PARTIES**

10. Plaintiff Sarah Kent is, and at all times mentioned herein was, a resident of Fairfield County, Connecticut.

11. Defendant Balise Hyundai is an automotive dealership. Balise Hyundai is organized and incorporated under the laws of Connecticut and maintains, and all times mentioned herein maintained, its corporate headquarters at 122 Doty Circle, West Springfield, MA 01089. Balise Hyundai is a "person" as defined by 47 U.S.C. § 153(39).

12. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

14. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all other persons similarly situated.

17. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> "All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

18. Plaintiff represents, and is a member of, these proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's

agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

19. **Numerosity**. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

20. **Existence and predominance of common questions of law and fact**. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

21. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

22. The proposed Class can be easily identified through records maintained by Defendant.

23. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made calls to Plaintiff and the Class using an ATDS and/or an artificial or prerecorded call without their prior express written consent;
   b. Whether Defendant's conduct was knowing and/or willful;
   c. Whether Defendant is liable for damages, and the amount of such damages; and
   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

24. **Typicality**. Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their cellular telephones and were not the intended recipient of those calls, nor did they consent to those calls.

25. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and he has no interests which are antagonistic to any member of the proposed Class.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. **Superiority**. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA.

28. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant are small because the statutory damages in an individual action for violation of the TCPA are relatively small.

29. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular telephones.

30. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

31. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Class.

33. Defendant made numerous unauthorized calls to Plaintiff's cellular phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

34. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.,* Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Class.

40. The foregoing acts and omissions of Defendant constitutes knowing and/or willful violations of the TCPA.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

42. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

c. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class, finding that Plaintiff is a proper

representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

f.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: August 4, 2020                                       Respectfully submitted,

**REARDON SCANLON LLP**

By:   /s/ *James J. Reardon, Jr.*
         James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
*(pro hac vice forthcoming)*
Florida Bar No. 101754
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915
Email: ashamis@shamisgentile.com

*Counsel for Plaintiff and the Class*